UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MAGNA TYRES USA, LLC,**

        **Plaintiff,**

v.                                    Case No.  6:22-cv-2176-CEM-DCI

**COFACE NORTH AMERICA
INSURANCE COMPANY,**

        **Defendant.**
_____/

## ORDER

THIS CAUSE is before the Court on Defendant's Motion to Dismiss or in the Alternative Motion to Stay ("Motion," Doc. 11), to which Plaintiff filed a Response in Opposition (Doc. 23). For the reasons stated herein, the Motion will be denied.

### I.   BACKGROUND

This case arises from an insurance coverage dispute. (Compl., Doc. 1-1, at 3–5). Defendant, an insurance company, issued to Plaintiff a Policy of International Credit Insurance ("Policy," Doc. 1-1, at 12–39), which provides, with exclusions, protection to Plaintiff "against loss due to Insolvency of debtors," (*id.* at 15), including provisions for recovery of past due accounts that are not insolvent, (*id.* at 17). "In early 2020," Plaintiff filed claims regarding unpaid invoices from three debtors. (*Id.* at 4).

In response, Defendant "suspended and effectively denied the claims," relying on a provision in the Policy "applicable to 'disputed debts.'" (*Id.* at 5, 7). That Policy exclusion provides that "[t]he Policy shall not cover any loss . . . that is not a valid and legally sustainable indebtedness . . . unless there is a court order that the indebtedness is valid and legally sustainable." (*Id.* at 16). Relatedly, the Policy also includes a provision regarding "Claim Settlement," whereby:

> If any covered claim of [Plaintiff's] against a debtor is subject of a Dispute in whole or in part, the same shall not be allowed in any settlement under this Policy until such Dispute is finally determined by court order or other agreement acceptable to [Defendant], to be a valid and legally sustainable indebtedness against the debtor or the debtor's estate. At that time, such claim, so far as covered, and as calculated herein will be paid.

(*Id.* at 18–19). The Policy defines "Dispute" to mean:

> 1) any disagreement regarding any amount owed to you by the debtor, or 2) any disagreement regarding the validity of such amount, or 3) any disagreement regarding the validity of your rights, including without limitation, any disagreement about setting off sums you may owe your debtor.

(*Id.* at 14).

Plaintiff filed suit, alleging two claims: Declaratory Relief (Count 1) and Breach of Contract (Count 2). (*Id.* at 5–9). Defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 11 at 7).

## II. JUDICIAL NOTICE

As a preliminary matter, Defendant asserts that "the Court can take judicial notice of judicial proceedings involving [Plaintiff]'s buyers." (*Id.* at 12). The Court agrees that it "may take judicial notice of a document filed in another court *not for the truth of the matters asserted in the other litigation*, but rather to establish the fact of such litigation and related filings." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (internal quotations omitted) (emphasis added). However, the judicial notice that Defendant is requesting goes far beyond what the Court may properly judicially notice, essentially asking the Court to consider the merits of the ongoing claims in the underlying lawsuits. (*See, e.g.*, Doc. 11 at 24 (asking the Court to judicially notice findings within a summary judgment order in one of the cases)). This the Court may not do. Accordingly, the Court takes judicial notice only of the fact that the following litigation is pending:

- *Tires Direct, Inc. v. Magna Tyres LLC, et al.*, No. 20STCV17696 (Cal. Super. Ct. Los Angeles Cnty. May 8, 2020);

- *Magna Tyres USA LLC v. Tire Super Center or Orlando LLC*, No. 2020-CA-008604-O (Fla. Orange Cnty. Cir. Ct. Aug. 26, 2020); and

- *In re: Tires Direct, Inc.*, No. 8:21-bk-10245-SC (Bankr. C.D. Cal. date).

### III.   12(b)(1) Motion

#### A.   Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss the claims against it for "lack of subject-matter jurisdiction." "Attacks on subject matter jurisdiction . . . come in two forms: 'facial attacks' and 'factual attacks.'" *Garcia*, 104 F.3d at 1260–61 (quoting *Lawrence*, 919 F.2d at 1528–29). "Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion." *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003). "However, where a defendant raises a factual attack on subject matter jurisdiction, the district court may consider extrinsic evidence such as deposition testimony and affidavits." *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). "When jurisdiction is properly challenged, a plaintiff has the burden of showing jurisdiction exists." *Kruse, Inc. v. Aqua Sun Invs., Inc.*, No. 6:07-cv-1367-Orl-19UAM, 2008 U.S. Dist. LEXIS 7066, at *4 (M.D. Fla. Jan. 31, 2008).

#### B.   Analysis

Defendant argues that Plaintiff's claim for declaratory judgment is not ripe because Defendant has not denied coverage to Plaintiff but rather "suspended

coverage" pursuant to a provision of the Policy. (Doc. 11 at 16). It is not clear whether Defendant is asserting a Rule 12(b)(1) facial or factual challenge.

To the extent that this is a facial attack on subject matter jurisdiction, Defendant's argument fails because that is simply not what Plaintiff alleges. "Plaintiffs are the masters of their claims." *Merle Wood & Assocs. v. Trinity Yachts, Ltd. Liab. Co.*, 714 F.3d 1234, 1237 (11th Cir. 2013). And here, Plaintiff alleges that Defendant "effectively denied the claims" by improperly invoking a provision of the Policy. (Doc. 1-1 at 5). Thus, the active controversy before the Court is whether Defendant's invocation of this policy provision was correct, and thus, whether Plaintiff's claims are covered by the Policy. (*See* Doc. 1-1 at 7 (requesting declaratory relief "[t]hat no exclusions or any other limitations of coverage contained in the Policy are applicable to [Plaintiff]'s claims")). Indeed, Defendant concedes as much in its Motion. (Doc. 11 at 20 (noting that "[a]t most, [Plaintiff] has alleged the existence of a live controversy concerning whether [Defendant] correctly invoked the Policy's Dispute provision").

To the extent that Defendant is asserting a factual challenge to jurisdiction, Defendant references two declarations, each of which include attached exhibits. The first is the Declaration of Jim Baumgartner (Doc. 11-1), who is Defendant's Vice President of Claims and Debt Collection, which includes two Policy correspondence letters, (*id.* at 6, 6–20). The second is the Declaration of Julian A. Jackson-Fannin

(Doc. 11-2), which includes "certain records from three judicial proceedings," (*id.* at 2). As discussed above, the Court may only take limited judicial notice of these proceedings, and Jackson-Fannin's Declaration does not provide any other evidentiary basis for the Court to consider the attached documents.

As to the Policy correspondence, each of these letters state essentially the same as alleged in the Complaint, that Defendant will not currently pay the claims pursuant to the provision in the Policy for disputed debts. (Doc. 11-1 at 4, 7). Defendant appears to quibble over the semantics of whether it has denied or held "in abeyance" Plaintiff's claims under the Policy, but this does not change the current analysis. (*Id.* at 4; Doc. 11 at 7 (arguing that "[Defendant] has not denied coverage at all"). Either way, it is clear from Defendant's evidence that it is currently refusing to pay anything on Plaintiff's claims, relying on the Policy provision for disputed debts. As explained above, whether application of this provision is proper is a ripe controversy. Thus, Defendant's factual attack on subject matter jurisdiction also fails.

The cases cited by Defendant are not inapposite to this conclusion. For example, Defendant cites *Atlanta Gas Light Company v. Aetna Casualty & Surety Company*, 68 F.3d 409 (11th Cir. 1995), wherein the Eleventh Circuit remanded a case for lack of subject matter jurisdiction because "the insurers had taken no position at that time with regard to their duties under [the insured]'s policies." *Id.* at

415. But here, Defendant has taken a position in regard to its duty under the Policy; Defendant has stated that Plaintiff's claims are not currently covered under the Policy because the underlying debts are in dispute.

## IV.     12(b)(6) MOTION

### A.     Legal Standard

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Ordinarily, in deciding a motion to dismiss, "[t]he scope of the review must be limited to the four corners of the complaint." *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

### B.   Analysis

"Insurance policies are contracts." *Slam Dunk I, LLC v. Conn. Gen. Life Ins. Co.*, 853 F. App'x 451, 453 (11th Cir. 2021) (citing *Lumbermens Mut. Cas. Co. v. August*, 530 So. 2d 293, 295 (Fla. 1988)). "A claim for breach of contract under Florida law requires three elements: '(1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach.'" *Id.* (quoting *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009)).

Defendant argues that Plaintiff has not—and cannot—allege the breach element because Defendant has not denied Plaintiff's claims for coverage under the Policy, but rather, it has invoked the provision for disputed debts. Once again, Defendant misses the forest for the trees. It is precisely the invocation of this provision that Plaintiff alleges was improper and a breach of the contract. (Doc. 11 at 22–23). Under Plaintiff's theory of the case, allegations that the Court must accept as true at this stage, Defendant's failure to indemnify Plaintiff now, regardless of whether that refusal is labeled as a denial or a suspension, based on the disputed debt provision is a breach of the Policy. This is enough at this stage.

Nonetheless, Defendant argues that Plaintiff's "allegations wholly ignore the plain language of the Policy's Dispute provision, the interpretation of which is a question of law for the Court." (Doc. 11 at 22). Thus, it appears that Defendant is asking the Court to look to the language of the Policy to determine whether Plaintiff's allegations are plausible.

The Court can look to the language of the Policy itself at this stage. "When considering insurance coverage disputes, Courts routinely dismiss complaints for failure to state a claim when a review of the insurance policy and the underlying claim for which coverage is sought unambiguously reveals that the underlying claim is not covered." *Cammarota v. Penn-America Ins. Co.*, No. 17-CV-21605, 2017 U.S. Dist. LEXIS 188073, at *5 (S.D. Fla. Nov. 9, 2017) (collecting cases). But the only details of Plaintiff's claims that the Court has before it at this stage are the allegations set forth in the Complaint. Based on a plain reading of the Policy and Plaintiff's allegations regarding its claims, it is unclear whether there is coverage for Plaintiff's claims. Accordingly, Defendant's Motion is due to be denied.

### V. MOTION TO STAY

Alternatively, Defendant requests that the Court stay this action pending resolution of the underlying lawsuits. "A district court has 'inherent discretionary authority . . . to stay litigation pending the outcome of [a] related proceeding in another forum.'" *Edgewater House Condo. Ass'n v. City of Ft. Lauderdale*, 825 F.

App'x 658, 665 (11th Cir. 2020) (quoting *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982)). But Defendant's request to stay is based on the same flawed premise as its other arguments. Defendant argues that the issue of whether it must indemnify Plaintiff turns on the resolution of the underlying lawsuits. Plaintiff on the other hand clearly contends that the Policy provides coverage for its claims regardless of the resolution of the underlying lawsuits. As the case is alleged by Plaintiff, who is master of its own claims, there is no basis for a stay at this time.

## VI. Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Motion to Dismiss or in the Alternative Motion to Stay (Doc. 11) is **DENIED**.
2. Defendant's Request for Oral Argument (Doc. 12) is **DENIED as moot**.

**DONE** and **ORDERED** in Orlando, Florida on May 31, 2023.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record