UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MAGNA TYRES USA, LLC,**

            **Plaintiff,**

**v.**                                                                        **Case No: 6:22-cv-2176-CEM-DCI**

**COFACE NORTH AMERICA
INSURANCE COMPANY,**

            **Defendant.**

_____

ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Defendant Coface North America Insurance Company's Motion to Tax Costs Pursuant to Federal Rule of Civil Procedure 54(d) (Doc. 101)** |
| **FILED:** | **September 10, 2024** |

**THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

The Court entered judgment in Defendant's favor. *See* Doc. 98. Thereafter, on September 10, 2024, Defendant filed a Proposed Bill of Costs (Doc. 100) and the instant Motion to Tax Costs Pursuant to Federal Rule of Civil Procedure 54(d). Doc. 101 (the Motion). In the interim, on September 18, 2024, Plaintiff filed its Notice of Appeal as to the judgment—that appeal remains pending before the Eleventh Circuit. Case No. 24-13036; Doc. 103. On September 24, 2024, Plaintiff filed a response in opposition to the Motion. Doc. 105.

Upon review of the docket and the filings, the Court finds that the Motion is due to be denied without prejudice.

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorneys' fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54 further provides that the "clerk may tax costs on 14 days' notice [and] [o]n motion served within the next 7 days, the court may review the clerk's action." *Id.* Thus, "[w]hile Section 1920 allows for the taxation of costs, the Clerk must initially tax costs." *Lowe v. STME, LLC*, 2019 WL 2717197, at *3 (M.D. Fla. June 28, 2019) (citing Fed. R. Civ. P. 54(d)(1)); *see also Winnie v. Infectious Diseases Assocs., P.A.*, 2018 WL 10456833, at *1 (M.D. Fla. Mar. 19, 2018) ("Fed. R. Civ. P. 54(d)(1) makes plain the Clerk taxes initially."). "After costs have been fixed by the clerk, a motion may be made for judicial review of the clerk's action." *Fenyvesi v. Suncoast Motel and Apartments, Inc.*, 2023 WL 4208714, at *1 (M.D. Fla. June 9, 2023) (citing 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2679 (4th ed. 2023)). Here, the clerk has not taxed the costs. *See TMH Med. Servs., LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh, P.A.*, 2020 WL 10486248, at *1 (M.D. Fla. July 29, 2020) ("A 'motion to tax costs' runs counter to Rule 54(d)(1), insofar as a 'motion' is '[a] request for a court order.'").

In any event, "courts routinely defer ruling on motions for attorney's fees and costs pending appeal in the interest of judicial economy." *See Pinto v. Rambosk*, 2021 WL 4263404, at *2 (M.D. Fla. Sep. 20, 2021); *see also Truesdell v. Thomas*, 2016 WL 7049252, at *2 (M.D. Fla. Dec. 5, 2016) (collecting cases). In light of the pending appeal, the Court finds it appropriate to defer ruling on taxable costs until the Eleventh Circuit's resolution of the appeal.

Accordingly, the Motion (Doc. 101) is **DENIED without prejudice**.  The Clerk is directed to tax costs pursuant to the Proposed Bill of Costs (Doc. 100).  However, Plaintiff's seven-day deadline to file a motion to review the Clerk's action is hereby **STAYED**.  *See* Fed. R. Civ. P. 54(d)(1).  On or before the 14th day after the date the Circuit issues a mandate or an order dismissing the appeal, Plaintiff must file a motion to review the Clerk's action pursuant to Rule 54(d)(1).

**ORDERED** in Orlando, Florida on September 27, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE